# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DUSTIN MORDEN, | |
| Plaintiff, | No. 22-CV-2-CJW-MAR |
| vs. | |
| CEDAR COUNTY JAIL AND OFFICER JENNINGS, | **ORDER** |
| Defendants. | |

This matter is before the Court on a pro se complaint filed under Title 42, United States Code, Section 1983. (Doc. 1). Plaintiff originally filed his complaint in the Southern District of Iowa, along with a motion to proceed in forma pauperis (Doc. 2) and a motion to appoint counsel (Doc. 4). In his complaint, plaintiff made a number of claims, some of which were properly brought in the Southern District of Iowa, and others more properly brought in the Northern District of Iowa.[1] On January 5, 2022, U.S. District Judge Rebecca Goodgame Ebinger conducted an initial review of plaintiff's complaint under Title 28, United States Code, Section 1915A, granted his motion to proceed in forma pauperis, dismissed some of his claims, and transferred his remaining claims to this Court. (Doc. 8). Accordingly, the Court must now conduct a Section 1915(A) review of plaintiff's remaining claims and rule on his pending motion to appoint counsel. (Doc. 4).

---

[1] Plaintiff also filed two supplements to his complaint. (Docs. 3, 5).

For the following reasons, plaintiff's excessive force claim against an officer will be allowed to proceed, but his deliberate indifference claim against the Cedar County Jail is denied and his motion for appointment of counsel is denied.

## I. INITIAL REVIEW STANDARD

Courts must liberally construe a pro se complaint. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Nevertheless, a court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1) (requiring the Court to do an initial review of prisoner complaints).

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, a court must weigh them in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim under Section 1915(e)(2), courts generally rely on the standards articulated under Federal Rule of Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Section 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise

a right to relief above the speculative level," *Id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

## II. INITIAL REVIEW ANALYSIS

### A. Section 1983 Standard

Title 42, United States Code, Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). Nevertheless, Title 42, United States Code, Section 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [Section] 1983'—for [Section] 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, Section 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (stating that Section 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means Section 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under Section 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United

3

States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

As explained in the prior order:

> Plaintiff alleges Tipton Police Officer Jennings used excessive force when arresting him on April 23, 2020. ECF No. 1 at 1. As a result, Plaintiff alleges his shoulder was injured. *Id*. Plaintiff states he sought medical help for his shoulder at the Cedar County Jail, but nothing was done for him. *Id*. at 2. Plaintiff makes further allegations arising from his arrest in his supplemental complaint.

(Doc. 8 at 3). The Court understands plaintiff to be asserting two claims, first that Officer Jennings engaged in excessive force, and second that the Cedar County Jail was deliberately indifferent to his shoulder injury. The Court will address each in turn.

#### 1. Excessive Force

Plaintiff alleges that during his arrest, Office Jennings used excessive force by grabbing plaintiff when he was restrained, which caused an injury to his shoulder. The Court must use the objective reasonableness standard in determining whether excessive force was used in the course of an arrest. In *MacKintrush v. Pulaski Cty. Sheriff's Dep't*, 987 F.3d 767, 770 (8th Cir. 2021), the Court explained the standard for evaluating excessive use of force claims.

> [An] "excessive-force claim is governed by the Fourth Amendment's objective reasonableness standard." *Parrish v. Dingman*, 912 F.3d 464, 467 (8th Cir. 2019). "[T]he Fourth Amendment's 'objective reasonableness' standard for arrestees governs excessive-force claims arising during the booking process." *Hicks v. Norwood*, 640 F.3d 839, 842 (8th Cir. 2011). To determine objective reasonableness, a court may look to "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Zubrod v. Hoch*, 907 F.3d

4

Case 1:22-cv-00002-CJW-MAR   Document 10   Filed 03/03/22   Page 4 of 9

568, 577 (8th Cir. 2018), quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473, 192 L.Ed.2d 416 (2015).

The Supreme Court has set a high bar for dismissing excessive force claims on initial review. Reversing a grant of summary dismissal in the context of a claim that a jail engaged in excessive force against a pretrial detainee, the Supreme Court stated:

> this Court rejected the notion that "significant injury" is a threshold requirement for stating an excessive force claim. The "core judicial inquiry," we held, was not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. at 7, 112 S. Ct. 995; *see also Whitley v. Albers*, 475 U.S. 312, 319–321, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986). "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated … whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9, 112 S. Ct. 995; *see also id.*, at 13–14, 112 S.Ct. 995 (Blackmun, J., concurring in judgment) ("The Court today appropriately puts to rest a seriously misguided view that pain inflicted by an excessive use of force is actionable under the Eighth Amendment only when coupled with 'significant injury,' *e.g.*, injury that requires medical attention or leaves permanent marks").

*Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

Accordingly, the question of whether excessive force was used is fact intensive. At this early stage of the case, the Court cannot make the fact intensive determination if the force used against plaintiff was objectively reasonable. Thus, the Court will allow his excessive force claim to proceed past initial review.

### 2. Deliberate Indifference

Plaintiff's second claim is that the Cedar County Jail failed to treat his shoulder injury. An inadequate medical care claim is governed by the Eighth Amendment

5

Case 1:22-cv-00002-CJW-MAR Document 10 Filed 03/03/22 Page 5 of 9

deliberate-indifference standard. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

> Whether an official was deliberately indifferent requires both an objective and a subjective analysis. *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014). Under the objective prong, [the plaintiff] must establish that he suffered from an objectively serious medical need. *See id.* at 340. To be objectively serious, a medical need must have been "diagnosed by a physician as requiring treatment" or must be "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Id.* (quoting *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Under the subjective prong, [the plaintiff] must show that an official "actually knew of but deliberately disregarded his serious medical need." *Id.* This showing requires a mental state "akin to criminal recklessness." *Id.* (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Consequently, [the plaintiff] must show "more than negligence, more even than gross negligence" to evince deliberate indifference. [*Fourte v. Faulkner Cty.*, 746 F.3d 384, 387 (8th Cir. 2014)] (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

*Id.* at 1065; *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006).

To establish an official's deliberate indifference to a serious medical need, a plaintiff must demonstrate: (1) a substantial risk of serious harm to the inmate existed and (2) the prison official knew of and disregarded that risk. *Robinson v. Hager*, 292 F.3d 560, 563-64 (8th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)); *see also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020). As noted above, to establish such a violation, plaintiff must demonstrate both an objective and subjective component. *Coleman*, 114 F.3d at 784. An important requirement for success on this claim is that the officials "knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). This showing requires a "mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Gordon,* 454 F.3d at 862. The mere negligent failure to diagnose and negligent treatment are insufficient to support a claim

6

under the Eighth Amendment. *See Estelle*, 429 U.S. at 105-06; *Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993); *see also Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 755 (5th Cir. 2001) ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference.").

Plaintiff's complaint fails to allege either factor, as he does not allege either a serious medical need or that any defendant knew of and disregarded a risk related to that medical need. Plaintiff only vaguely states he suffered from shoulder pain. He does not allege the extent of that pain, nor that he received any specific injury. Additionally, plaintiff states that he saw a nurse practitioner repeatedly while he was in Cedar County Jail and there is no allegation that that person disregarded a specific risk to plaintiff's health. (Doc. 5 at 2). As such, plaintiff has failed to state a claim for deliberate indifference and this claim must be denied.

Regardless, plaintiff's claim would fail even if it alleged deliberate indifference, because he has failed to name a proper defendant. Title 42, United States Code, Section 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In *Will v. Michigan Dept. of State Police*, the Supreme Court ruled "that a State is not a person within the meaning of § 1983." 491 U.S. 58, 63 (1989).[2] *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as

---

[2] Municipalities may be found liable in a Section 1983 case under limited circumstances, under the rational articulated in *Monell v. Department of Social Servs. of New York*, 436 U.S. 658 (1978). *See Szabla v. City of Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). The complaint here does not make any *Monell* type claims.

7

such"); *and De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they were not suable entities). Regarding his claim of deliberate indifference, the only potential defendant listed in plaintiff's complaint is the Cedar County Jail. The Cedar County Jail, however, is not a person within the meaning of Section 1983. Accordingly, plaintiff has failed to state a claim for which relief can be granted.

### III. MOTION TO APPOINT COUNSEL

Under Title 28, United States Code, Section 1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). "The [district] court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants. *Phillips*, 437 F.3d at 794." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

> When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. *See Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986).

*Redwing*, 146 F.3d at 546; *see also Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (stating that the court should consider: 1) the factual complexity of the issues; 2) the ability of the plaintiff to investigate the facts; 3) the existence of conflicting testimony; 4) the ability of the plaintiff to present their claims; and 5) the complexity of the legal arguments). Those factors are not exclusive, however, and the court may consider other issues. *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 891 (8th Cir. 2020) (reversing the district court's denial of a motion to appoint counsel after

finding that the plaintiff presented "a serious claim" and "the case otherwise cannot proceed to a timely decision on the merits" without the assistance of counsel).

At this early stage of the case, plaintiff's motion to appoint counsel is denied without prejudice. Plaintiff may refile his motion after the remaining defendant has filed an answer or dispositive motion and the Court will reassess then whether appointment of counsel is warranted.

## IV. CONCLUSION

For the reasons set forth herein:

1. Plaintiff's excessive force claim against Officer Jennings will be allowed to proceed.
2. Plaintiff's deliberate indifference claim against the Cedar County Jail is **denied** for the reasons set out above.
3. The Clerk of Court is **directed** to serve, via certified mail, the complaint (Docs. 1, 3, and 5), a copy of this order and a waiver of service of summons form on Officer Jennings care of the Tipton, Iowa, Police Department, 407 Lynn St., Tipton, IA 52772. The Clerk of Court is **directed** to serve a copy of those documents on the Tipton, Iowa, City Attorney c/o Lynch Dallas, P.C. 526 Second Avenue SE, Cedar Rapids, Iowa 52401.
4. Plaintiff's motion to appoint counsel (Doc. 4) is **denied** without prejudice.

**IT IS SO ORDERED** this 3rd day of March, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa